**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STEVE MCCLURE and
RED RIVER RANCH, INC.,
a New Mexico corporation,

      Plaintiffs,

      vs.                                                                                                  No. CIV 98-0127 JC/LFG

KENNETH COLE and
COLE FARMS RANCH,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF REMAND**

THIS MATTER came on for consideration *sua sponte*. The Court is cognizant of its independent obligation to assure that it has subject matter jurisdiction over any matter. Indeed, as to removed actions, Congress specifically instructs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This breach of contract action seeking damages for $11,400 was originally filed in New Mexico District Court of Colfax County in the Eighth Judicial District. Defendants filed an asserted "compulsory" counterclaim for damages in excess of $75,000, and removed the case to this Court on the basis that the counterclaim supplies the required amount in controversy to support diversity-based subject matter jurisdiction. The Court disagrees, however, and will remand this action to state court.

In the present case, Defendants clearly state that their sole basis for removal lies in diversity jurisdiction and that they rely on the damages alleged in their counterclaim to meet the jurisdictional

amount in controversy. For cases originally filed in federal court, some courts have held that the counterclaim amount may be considered in meeting the jurisdictional amount in controversy. See, e.g., Fenton v. Freedman, 748 F.2d 1358 (9th Cir.1984). However, in the context of a removed case, the great weight of authority rejects such a position. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3706. In part, this is because removal statutes are strictly construed against removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It does not appear that the Tenth Circuit has confronted this precise issue. However, the most recent district court opinions continue to adopt the majority view that the amount sought by way of counterclaim, whether permissive or compulsory, cannot be used to meet the amount in controversy requirement. See, e.g., Mesa Indus., Inc. v. Eaglebrook Products, Inc., 980 F. Supp. 323 (D. Ariz. 1997), citing Williams v. Beyer, 455 F. Supp. 482, 484 (D.N.H.1978) and Cabe v. Pennwalt Corp., 372 F. Supp. 780, 783 (W.D.N.C.1974) ("The removal statute clearly indicates that it was the intent of Congress to limit removal jurisdiction, and there is a total absence of any manifested intent that counterclaims, either permissive or compulsory, should be considered in determining the jurisdictional amount").

Wherefore,

IT IS HEREBY ORDERED that this action is **remanded to the Eighth Judicial District Court, Colfax County, State of New Mexico**.

                                                                              _/s/ John E. Conway_
                                                                              **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| For Plaintiffs: | Dean G. Constantine<br>Miller, Stratvert & Torgerson, P. A.<br>Albuquerque, New Mexico |
| For Defendants: | Steven E. Schmidt<br>Singer, Smith & Williams<br>Albuquerque, New Mexico |
| | Richard Tinsman<br>Tinsman & Houser, P. C.<br>San Antonio, Texas |